**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1285
_____

BENNY MANUEL SANTOS ARIAS,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A216-408-120)
Immigration Judge: Mirlande Tadal
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
August 23, 2023
Before: JORDAN, CHUNG, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed September 12, 2023)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Benny Manuel Santos Arias, a citizen of the Dominican Republic, petitions for review of an order of the Board of Immigration Appeals (BIA). For the following reasons, we will deny the petition for review.

We recite only the facts necessary for our review. Santos Arias entered the United States on a visitor's visa in 2014. In 2018, the Government detained him and charged him with being removable for overstaying his visa. See 8 U.S.C. § 1227(a)(1)(B). Proceeding pro se, he admitted to the charge and filed an application for asylum and withholding of removal. While out on bond from immigration detention in New Jersey, he stabbed to death a purported member of the Bloods gang who tried to rob him. He pleaded guilty to reckless manslaughter in 2019.

After his immigration proceedings recommenced in 2021, Santos Arias obtained counsel and filed an updated application for asylum, withholding of removal, and protection under the United Nations Convention Against Torture (CAT). At a hearing before an Immigration Judge (IJ), he testified that in 2014 members of the Latin Kings gang kidnapped him in the Dominican Republic. He reported the incident to the police. Approximately six years later, while Santos Arias was living in the United States, gang members told his uncle, who in turn told his mother that they were waiting for him to return to the Dominican Republic. Santos Arias also testified about the New Jersey stabbing of the purported Bloods gang member and about a retaliatory attack against him by Bloods members while he was incarcerated. In addition, Santos Arias presented the

testimony of Dr. David Brotherton, an expert in gang attributes and behaviors, the repatriation of deportees, and law enforcement practices in the Dominican Republic.

The IJ denied relief, holding, in relevant part, that Santos Arias did not qualify for CAT protection because he failed to show that he would specifically be at risk for torture or that government officials would inflict or acquiesce to his torture.[1] (Administrative Record (A.R.), at 91-93.) In reaching that conclusion, the IJ held that Dr. Brotherton's testimony, though "both relevant and reliable," would receive only "diminished weight." (Id. at 77.) Santos Arias filed a counseled appeal in the BIA, arguing, among other things, that the IJ erred by ignoring Dr. Brotherton's testimony. (Id. at 21-26.) The Board rejected that argument and dismissed the appeal, holding that the IJ reasonably assigned diminished weight to Dr. Brotherton's testimony. (Id. at 5-6.) Santos Arias filed a timely pro se petition for review.[2]

---

[1] The IJ also denied Santos Arias' requests for asylum and withholding of removal. Santos Arias did not develop challenges to the IJ's denial of asylum and withholding of removal before the BIA and, therefore, failed to exhaust. 8 U.S.C. § 1252(d)(1); Castro v. Att'y Gen., 671 F.3d 356, 365 (3d Cir. 2012). He also does not challenge the denial of such relief in his opening brief, he thus has forfeited review of those issues. See United States v. Andrews, 681 F.3d 509, 532 (3d Cir. 2012) (failure to raise an issue in an opening brief generally constitutes appellate forfeiture).

[2] Because the BIA issued a written decision on the merits, we review that decision, but also consider the IJ's decision insofar as the BIA both adopted the IJ's findings and discussed some of the bases for her decision. See Saravia v. Att'y Gen., 905 F.3d 729, 734 (3d Cir. 2018). In addition, we have jurisdiction to review challenges to factual determinations related to the denial of CAT relief, and we review those determinations for substantial evidence. Nasrallah v. Barr, 140 S. Ct. 1683, 1692 (2020). Pursuant to the substantial evidence standard in immigration proceedings, we defer to the agency's findings unless a reasonable adjudicator reviewing the administrative record would be compelled to arrive at a contrary conclusion. Alexander-Mendoza v. Att'y Gen., 55 F.4th

3

Santos Arias challenges only the denial of CAT relief, maintaining that the IJ and BIA erred by discounting Dr. Brotherton's testimony when assessing the likelihood of torture and government acquiescence.[3] To be eligible for deferral of removal under the CAT, a petitioner must show that he is "more likely than not" to be tortured "by or at the instigation of or with the consent or acquiescence of" a government official. 8 C.F.R. § 1208.16(c)(2); § 1208.18(a)(1); Sevoian v. Ashcroft, 290 F.3d 166, 174-75 (3d Cir. 2002). We have held that "an agency is required to consider all evidence relevant to the possibility of future torture," though it is not incumbent upon the agency to address every piece of evidence presented by a CAT applicant in its decision. Quinteros v. Att'y Gen., 945 F.3d 772, 786 (3d Cir. 2019) (quotation marks omitted).

In evaluating whether to admit the testimony of a witness as an expert, the IJ should consider whether the testimony is sufficiently relevant and reliable. In re J-G-T-, 28 I. & N. Dec. 97, 101 (BIA 2020) (citing United States v. Ruvalacaba-Garcia, 923 F.3d 1183, 1188 (9th Cir. 2019) (per curiam)). If the expert testimony "is determined to be admissible, [then] the [IJ] should consider how much weight it should receive." Id. The Board has explained that "an [IJ] who finds an expert witness qualified to testify may give different weight to the testimony, depending on the extent of the expert's qualifications or based on other issues regarding the relevance, reliability, and overall

197, 207 (3d Cir. 2022).

[3] To the extent that Santos Arias challenges other aspects of the denial of CAT relief, we conclude that his claims lack merit.

4

probative value of the testimony as to the specific facts in issue in the case." In re D-R-, 25 I. & N. Dec. 445, 4604 n.13 (BIA 2011). Thus, "even where … an Immigration Judge finds an expert to be a credible witness, it does not follow that the Immigration Judge must accept all the testimony and opinions provided as facts." In re M-A-M-Z-, 28 I. & N. Dec. 173, 177 (BIA 2020). But "[w]hen the [IJ] makes a factual finding that is not consistent with an expert's opinion, it is important ... to explain the reasons behind [that] finding[ ]." Id. at 177-78.

The IJ here considered "[a]ll admitted evidence" "in its entirety" (A.R. 65), and specifically stated that Dr. Brotherton's testimony "was both relevant and reliable." (Id. at 77.) The IJ also observed that Dr. Brotherton's testimony bore "directly on the probability of [Santos Arias'] torture in his home country" and was based "on facts and data drawn from his research." (Id.) Having thus determined Dr. Brotherton's testimony would be admitted, the IJ afforded it "diminished weight" because, inter alia, Dr. Brotherton "has not published new ethnographic work since 2009 … and his subsequent work in the Dominican Republic consisted of brief, one-day follow-ups." (Id.) The Board stated that the IJ properly afforded limited weight to Dr. Brotherton's testimony "[g]iven the remoteness of [his] last publication, the apparent lack of direct and comprehensive study of current Dominican country conditions, and [the] absence of any direct personal interaction with" Santos Arias. (Id. at 6.)

Dr. Brotherton's testimony about the dangers that Santos Arias may face was based largely on conditions in the Dominican Republic prior to 2011. (A.R. 263; 265;

273.)  Although the IJ acknowledged Santos Arias' evidence, like the 2021 Department of State Human Rights Report, showing "the Dominican Republic is currently managing security issues and reports of torture," the IJ further determined Santos Arias had not met his evidentiary burden to show that he would be specifically targeted for torture.  (Id. at 91.)  And, evaluating whether Dominican public officials would acquiesce to torture, the IJ cited "evidence show[ing that] the Dominican authorities are making significant efforts to address criminal corruption and organized criminal violence, and will likely respond to [Santos Arias'] concerns."  (Id. at 93.)  Elsewhere in her decision, the IJ explained that the evidence demonstrated that gangs are "waning in power" (id. at 88), that "corrupt public officials … are being energetically pursued by the new presidential administration" (id.), and that "the government is taking significant steps to curb drug trafficking and improve the police force."  (Id. at 89.)  Where, as here, Dr. Brotherton's testimony and the other evidence "comprise[d] a mixed bag," the agency was free to allocate different weights among the evidence.  See Xian Tong Dong v. Holder, 696 F.3d 121, 127 (1st Cir. 2012).  The agency explained the basis of its weight determination for Dr. Brotherton's testimony and further explained the evidence supporting its CAT findings.  Our review of those findings and the administrative record does not reveal that the evidence compels contrary conclusions; accordingly, denial of the petition is warranted under our highly deferential standard of review.

For the foregoing reasons, we will deny the petition for review.